IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | § | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| WC 4TH AND COLORADO, LP,[1] | § | CASE NO. 20-10881-TMD |
| | § | |
| DEBTOR. | § | |
| | § | |

**DEBTOR'S EMERGENCY MOTION FOR ORDER MODIFYING THE DESGINATION OF PRODUCED DOCUMENTS AND TO COMPEL LENDER TO DISCLOSE IDENTITY AND AFFILIATIONS**

TO THE HONORABLE TONY M. DAVIS, UNITED STATES BANKRUPTCY JUDGE:

WC 4th and Colorado, LP ("**Debtor**") files this *Emergency Motion for Order Modifying the Designation of Produced Documents and to Compel Lender to Disclose Identity and Affiliations*, as follows:

1. **Synopsis**. Colorado Third Street, LLC ("**CTS**" or "**Lender**") is the Debtor's alleged secured creditor, asserting that it is owed over $8 million. This Court ordered that CTS produce documents that are necessary for the Debtor to know the actual individuals controlling CTS and the terms under which they except that control. CTS has provided minimal documentation responsive to that issue, but has designated those "identity" documents as "Attorneys Eyes Only". Furthermore, CTS has failed to produce documents containing the terms under which CTS's beneficial owners control its legal representatives. The Debtor requests that this Court order (1) that the Identity Documents be re-designated as "Confidential" only, and (2) that CTS be

---

[1] The Debtor in this chapter 11 case, along with its last four digits of its federal tax identification number is: WC 4th and Colorado, LP (1759).

compelled to produce the actual agreements involving CTS's beneficial owners as "Confidential" documents.[2]

2. **Background Facts**. At the hearings on the *Amended Emergency Motion to Quash, or in the Alternative, for Protective Order* [Dkt. 22] and the *Emergency Motion to Quash Rule 2004 Document Production Issued by Colorado Third Street, LLC* [Dkt. 34], the Court addressed the issue of the need for disclosure of the identity and beneficial ownership of CTS. During the course of the hearing, the Court stated "Well, if you wanted to waive your claim and release the lien, you can keep as many secrets as you want, but if you want relief in federal court, you will disclose the man or woman behind the curtain. Okay? And probably that means you're going to have to disclose everybody, and then the ***debtor*** can kind of sort out whether it cares, what issue it wants to make about who's in control, and we can sort out those issues later" (*emphasis added*).

3. Agreement. It was clear in the Court's oral ruling that CTS was required to disclose ***to the Debtor*** the requested information in Debtor's Requests 3-6, 11, and 12 (generally, "**Lender Identity Information**"). This was further memorialized in the *Order (I) Denying, in part, Colorado Third Street, LLC's Motion to Quash Rule 2004 Discovery, and (II) Approving Agreement Regarding Production of Information by the Debtor*, which states "Lender is specifically required to produce the information in Requests 3-6, 11, and 12 related to the identity of the requested entities and/or persons in those Requests, *as more particularly described in this Court's oral ruling*" (*emphasis added*).

4. Regarding designations that might be employed under this Court's form protective order, the Court also stated "Let me just say, in connection with the confidentiality, I don't usually

---

[2] The Debtor in this chapter 11 case, along with its last four digits of its federal tax identification number is: WC 4th and Colorado, LP (1759).

-2-

weigh in at this stage to, you know, decide whether or not things are really confidential. Usually of course, they're not, right? None of this stuff is terribly confidential. It's not like you're dealing with the formula for making Coke or something like that . . . So, be prepared to think carefully about how much of this stuff that you label "confidential" is in fact confidential if we get to that stage."

5. CTS and Debtor then agreed to exchange discovery by October 7, 2020. Debtor's counsel, however, was concerned that CTS would attempt an end run around this Court's order by designating the Lender Identity Information "Attorney's Eyes Only," to restrict disclosure to the Debtor in contravention of this Court's orders. Accordingly, Debtor's counsel asked CTS's counsel on October 1, October 2, and October 6 its intention with respect to the designation so that an emergency motion may be filed if they did not intend to abide by the Court's oral ruling. True and correct copies of those e-mail communications are attached hereto as <u>Exhibit A</u>. CTS did not substantively respond to Debtor's request for confirmation that it would not employ the "Attorneys Eyes Only" designation for identity documents.

6. CTS produced its documents to Debtor ("**Lender's Production**") and Debtor, for its part, has produced documents to CTS ("**Debtor's Production**"). In Lender's Production, CTS designated Attorney's Eyes Only on all Lender Identity Information. (CTS also marked "Confidential" on a number of clearly non-confidential documents, such as publicly available bankruptcy filings. The Debtor reserves all rights regarding contesting such designation).

7. Prior to filing this motion, Debtor's counsel conferred with CTS's counsel regarding the redesignation of the Lender Identity Information as just "Confidential." No agreement was reached as of the filing of this motion.

8. In contrast to Lender's Production, in Debtor's Production, **no documents** were marked "Attorney's Eyes Only", and only a limited subset of documents were marked "Confidential."

9. In addition, it appears that CTS has failed to provide any documents (*e.g.*, contracts, trust agreements, or other instruments) providing the terms under which CTS's beneficial owners are contractually related to CTS. In other words, there are no documents that indicate how the beneficial owners relate to CTS and its ownership or management, nor how those persons can possibly be beneficial owners. Further, there appear to be no documents produced by CTS that contain the actual signatures of CTS's control persons and the documents that evidence they are the actual beneficial owners.

Accordingly, the Debtor respectfully requests that the Court grant this Motion and enter the proposed form of order, and provide such other and further relief to which the Debtor may be entitled.

DATED: October 8, 2020

Respectfully submitted,

**FISHMAN JACKSON RONQUILLO PLLC**

/s/ Mark H. Ralston
Mark H. Ralston
State Bar No. 16489460
Fishman Jackson Ronquillo PLLC
Three Galleria Tower
13155 Noel Road, Suite 700
Dallas, TX 75240
Telephone: (972) 419-5544
Facsimile: (972) 4419-5500
E-mail: mralston@fjrpllc.com

COUNSEL FOR DEBTOR WC 4TH
AND COLORADO, LP

## **CERTIFICATE OF SERVICE**

    This is to certify that the undersigned caused a true and correct copy of the foregoing document to be served on the parties listed on the attached service list by First Class United States Mail and on all persons receiving electronic notice of filings in this case through the ECF system, and to Creditor's counsel via e-mail, on this, the 8th day of October, 2020.

    Jason G. Cohen
    jason.cohen@bracewell.com

    Christopher L. Dodson
    chris.dodson@bracewell.com

                                      /s/ Mark H. Ralston
                                        Mark H. Ralston

# Mark Ralston

| | |
|---|---|
| **From:** | Mark Ralston |
| **Sent:** | Tuesday, October 6, 2020 3:03 PM |
| **To:** | 'Cohen, Jason'; 'Dodson, Chris' |
| **Subject:** | In re WC 4th and Colorado - CTS / Document Production [IWOV-Legal.FID104642] |
| **Attachments:** | ECF 60 - Order Regarding Amended Emergency Motion to Quash.PDF |

Gentlemen:

I am still waiting for answers to the questions that I raised this past Friday. As to the first, I would note that the protective order entered in this matter contemplates that AOE such items as product formulation, design and non-public pricing information. Furthermore, it obviously does not forward the Debtor's ability to understand who it is dealing with if identity information is designated AEO. As such, if CTS elects to make such a designation, we will be filing without delay an emergency motion to require that the information be without any confidential designation. That stated, in the spirit of the protective order, I remain open to discussion same.

As to the remaining issues, please get back with me on these matters. Additionally, Jason and I discussed maintenance work that was performed on the property's drainage system over this past weekend. I have not, however, been provided with invoices and back-up documentation regarding this matter.

I look forward to hearing back from you.

All the best,

**Mark H. Ralston** | Attorney
**FISHMAN | JACKSON | RONQUILLO PLLC**
13155 Noel Road, Suite 700 | Dallas, Texas 75240
Direct Dial: 972.419.5544 |  Fax: 972.419.5501
Email: mralston@fjrpllc.com



CONFIDENTIALITY NOTICE:  This e-mail and any attachments are for the exclusive and confidential use of the intended recipient.  If you are not the intended recipient, please do not read, distribute, or take action in reliance upon this message.  If you have received this in error, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system.  We do not waive client-attorney or work product privilege by the transmission of this message.

---

**From:** Mark Ralston
**Sent:** Friday, October 2, 2020 5:47 PM
**To:** 'Cohen, Jason' <jason.cohen@bracewell.com>
**Cc:** 'Dodson, Chris' <chris.dodson@bracewell.com>
**Subject:** RE: DM-#6233906-v5-Colorado_Third_-_Interim_Cash_Collateral_Order.docx [IWOV-Legal.FID104642]

Jason and Chris, I would appreciate you getting back to me on the following:

- Whether CTS intends to designate documents on the identity issue as AEO.

- What date CTS applied the rents that it collected pre-petition to the loan debt.
- Whether CTS used any of the rents that it collected to have maintenance or other work performed on the property and, if so, what was done and at what cost.

I look forward to hearing back from you on these questions.

Thanks,

**Mark H. Ralston** | Attorney
FISHMAN | JACKSON | RONQUILLO PLLC
13155 Noel Road, Suite 700 | Dallas, Texas 75240
Direct Dial: 972.419.5544 |  Fax: 972.419.5501
Email: mralston@fjrpllc.com



CONFIDENTIALITY NOTICE:  This e-mail and any attachments are for the exclusive and confidential use of the intended recipient.  If you are not the intended recipient, please do not read, distribute, or take action in reliance upon this message.  If you have received this in error, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system.  We do not waive client-attorney or work product privilege by the transmission of this message.

---

**From:** Mark Ralston
**Sent:** Thursday, October 1, 2020 3:14 PM
**To:** 'Cohen, Jason' <jason.cohen@bracewell.com>
**Cc:** 'Dodson, Chris' <chris.dodson@bracewell.com>
**Subject:** RE: DM-#6233906-v5-Colorado_Third_-_Interim_Cash_Collateral_Order.docx [IWOV-Legal.FID104642]

Jason, we agree to exchange documents subject to the pending Rule 2004 discovery requests by October 7, with the continued first meeting of creditors set for the afternoon of October 9. I will suggest to Deborah that we commence at 1 p.m., though I think that everyone from my side can do later. But please let me know if 1 p.m. is a problem.

One related issue involving the document production is our concern that CTS will designate the documents regarding the identity of CTS's control persons and backers as "attorneys eyes only".  Given Judge Davis' oral ruling and the fact that others within the Debtor's organization need to understand that information, we will certainly take issue with such designation. Please advise if CTS plans to take that route so that we can prepare to bring this issue before the court.

I'll send an email to Deborah in a bit regarding the rescheduled 341 hearing date (copying you and Chris on same).

All the best,

**Mark H. Ralston** | Attorney
FISHMAN | JACKSON | RONQUILLO PLLC
13155 Noel Road, Suite 700 | Dallas, Texas 75240
Direct Dial: 972.419.5544 |  Fax: 972.419.5501
Email: mralston@fjrpllc.com



CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute, or take action in reliance upon this message. If you have received this in error, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive client-attorney or work product privilege by the transmission of this message.

**From:** Mark Ralston
**Sent:** Thursday, October 1, 2020 1:25 PM
**To:** 'Cohen, Jason' <jason.cohen@bracewell.com>
**Cc:** Dodson, Chris <chris.dodson@bracewell.com>
**Subject:** RE: DM-#6233906-v5-Colorado_Third_-_Interim_Cash_Collateral_Order.docx [IWOV-Legal.FID104642]

Jason, I will be getting with my client later today and will get back to you before COB today. I don't expect any issues.

Best,

**Mark H. Ralston** | Attorney
FISHMAN | JACKSON | RONQUILLO PLLC
13155 Noel Road, Suite 700 | Dallas, Texas 75240
Direct Dial: 972.419.5544 | Fax: 972.419.5501
Email: mralston@fjrpllc.com



CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute, or take action in reliance upon this message. If you have received this in error, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive client-attorney or work product privilege by the transmission of this message.

**From:** Cohen, Jason <jason.cohen@bracewell.com>
**Sent:** Thursday, October 1, 2020 1:24 PM
**To:** Mark Ralston <mralston@fjrpllc.com>
**Cc:** Dodson, Chris <chris.dodson@bracewell.com>
**Subject:** RE: DM-#6233906-v5-Colorado_Third_-_Interim_Cash_Collateral_Order.docx [IWOV-Legal.FID104642]

Mark, just making sure you saw this so that we can line up coverage for the 341 and make sure that production is timely.

**From:** Cohen, Jason
**Sent:** Wednesday, September 30, 2020 3:05 PM
**To:** 'Mark Ralston' <mralston@fjrpllc.com>
**Subject:** RE: DM-#6233906-v5-Colorado_Third_-_Interim_Cash_Collateral_Order.docx [IWOV-Legal.FID104642]

We would suggest that the 2004 info be exchanged by Oct 7. Under that scenario, I can get someone to cover for me on Oct 9.

**From:** Mark Ralston [mailto:mralston@fjrpllc.com]
**Sent:** Wednesday, September 30, 2020 11:00 AM

**To:** Cohen, Jason <jason.cohen@bracewell.com>
**Subject:** RE: DM-#6233906-v5-Colorado_Third_-_Interim_Cash_Collateral_Order.docx [IWOV-Legal.FID104642]

Jason, It's the only date that works for both Mr. Paul and Ms. Bynum, though Ms. Bynum told me that she may be able to conduct the 341 meeting on Wednesday or Thursday if other matters resolve themselves.

Mark

**From:** Cohen, Jason <jason.cohen@bracewell.com>
**Sent:** Wednesday, September 30, 2020 10:50 AM
**To:** Mark Ralston <mralston@fjrpllc.com>
**Subject:** RE: DM-#6233906-v5-Colorado_Third_-_Interim_Cash_Collateral_Order.docx [IWOV-Legal.FID104642]

I will be out of town that day. I am checking to see if Chris can cover. Is there an earlier date next week that would work?

**From:** Mark Ralston [mailto:mralston@fjrpllc.com]
**Sent:** Wednesday, September 30, 2020 10:03 AM
**To:** Cohen, Jason <jason.cohen@bracewell.com>
**Subject:** RE: DM-#6233906-v5-Colorado_Third_-_Interim_Cash_Collateral_Order.docx [IWOV-Legal.FID104642]

Jason, 1 pm works fine. I'll calendar it in.

Also, Mr. Paul and Mr. Worley are both available for the continued 341 meeting on the afternoon of Friday, October 9 (as is Ms. Bynum). Does that work for your group? If so, I would suggest that we start at 1 pm.

Mark

**From:** Cohen, Jason <jason.cohen@bracewell.com>
**Sent:** Wednesday, September 30, 2020 9:09 AM
**To:** Mark Ralston <mralston@fjrpllc.com>
**Subject:** RE: DM-#6233906-v5-Colorado_Third_-_Interim_Cash_Collateral_Order.docx [IWOV-Legal.FID104642]

Hearing nothing, I have some other calls to schedule. How about we talk at 1 or 2?

**From:** Cohen, Jason
**Sent:** Wednesday, September 30, 2020 8:58 AM
**To:** Mark Ralston <mralston@fjrpllc.com>
**Subject:** RE: DM-#6233906-v5-Colorado_Third_-_Interim_Cash_Collateral_Order.docx [IWOV-Legal.FID104642]

Mark are we on for 9? I have other calls to set up.

**From:** Cohen, Jason
**Sent:** Tuesday, September 29, 2020 7:45 PM
**To:** Mark Ralston <mralston@fjrpllc.com>
**Cc:** Dodson, Chris <chris.dodson@bracewell.com>
**Subject:** Re: DM-#6233906-v5-Colorado_Third_-_Interim_Cash_Collateral_Order.docx [IWOV-Legal.FID104642]

I am not sure what you gave you the idea that rents had not been applied, but that is not the case and was never my message or intention.

Can we discuss cash collateral at 9 am? you can call my cell at 512.791.9441.

---

**From:** Mark Ralston <mralston@fjrpllc.com>
**Sent:** Tuesday, September 29, 2020 5:53 PM
**To:** Cohen, Jason
**Cc:** Dodson, Chris
**Subject:** RE: DM-#6233906-v5-Colorado_Third_-_Interim_Cash_Collateral_Order.docx [IWOV-Legal.FID104642]

Thanks Jason.

Attached is the redline that I generated.

One of our initial issues is CTS's retention of pre-petition rents. I was given to understand from our prior communications that the rents had not been applied and would be available to address post-petition expenses (subject to CTS's adequate protection rights). I agree that this issue may be better addressed by conference. What is your availability for tomorrow? Related to that issue is the adequate protection payment provision in paragraph 4.c. Again, let's discuss tomorrow. And finally, the lien on proceeds of any Ch. 5 cause of action will also have to be addressed.

All the best,

**Mark H. Ralston** | Attorney

FISHMAN | JACKSON | RONQUILLO PLLC

13155 Noel Road, Suite 700 | Dallas, Texas 75240

Direct Dial: 972.419.5544 | Fax: 972.419.5501

Email: mralston@fjrpllc.com



CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute, or take action in reliance upon this message. If you have received this in error, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive client-attorney or work product privilege by the transmission of this message.

**From:** Cohen, Jason <jason.cohen@bracewell.com>
**Sent:** Tuesday, September 29, 2020 9:38 AM
**To:** Mark Ralston <mralston@fjrpllc.com>
**Cc:** Dodson, Chris <chris.dodson@bracewell.com>
**Subject:** DM-#6233906-v5-Colorado_Third_-_Interim_Cash_Collateral_Order.docx

Mark, our edits to the CCO are attached. I don't have your last version handy, so best if you run your own redline.

At this point, I think a call would be best to resolve open issues instead of turning drafts back and forth again. Please let me know your availability to try and get this order resolved.

Thanks,
Jason

**JASON G. COHEN**
Partner
jason.cohen@bracewell.com | download v-card
T: +1.713.221.1416 | F: +1.800.404.3970

**BRACEWELL LLP**
711 Louisiana Street, Suite 2300 | Houston, TX | 77002-2770
bracewell.com | profile | LinkedIn | Twitter

CONFIDENTIALITY STATEMENT
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

# Mark Ralston

| | |
|---|---|
| **From:** | Mark Ralston |
| **Sent:** | Wednesday, October 7, 2020 11:41 PM |
| **To:** | 'Cohen, Jason'; Dodson, Chris |
| **Subject:** | WC 4th and Colorado, LP - Document Production [IWOV-Legal.FID104642] |

Jason and Chris,

We should be ready to produce our documents by a file-sharing link shortly. I do want to confirm prior to our production that you will also be sending the CTS production tonight per the parties' agreement.

Please also advise as to if you designated the lender identity information AEO or Confidential and buy reference to Bates numbers, those documents so designated (as we will do with our production),.

Best,

**Mark H. Ralston** | Attorney
**FISHMAN | JACKSON | RONQUILLO PLLC**
13155 Noel Road, Suite 700 | Dallas, Texas 75240
Direct Dial: 972.419.5544 | Fax: 972.419.5501
Email: mralston@fjrpllc.com



CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute, or take action in reliance upon this message. If you have received this in error, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive client-attorney or work product privilege by the transmission of this message.

Internal Revenue Service
Centralized Insolvency Office
P. O. Box 7346
Philadelphia, PA 19101-7346

WC 4th and Colorado, LP
c/o Brian Elliot
814 Lavaca Street
Austin, TX 78701

Third Colorado Street, LLC
500 W 2nd Street, Suite 1900
Austin, Texas 78701

Kone Elevators
PO Box 894156
Los Angeles, CA 90189-4156

KONE, Inc.
5101 E St. Elmo #315
Austin, TX 78744

Heads up Cleaning Services
PO Box 293
Lockhart, TX 78644

Will's All Pro Plumbing and Air
7847 Fortune Drive
San Antonio, TX 78250

Clarke Kent Plumbing, Inc
1408 W. Ben White Blvd.
Austin, TX 78704

Vanguard Fire Systems, LP
2340 Patterson Industrial Dr
Pflugerville, TX 78660

Inoca Holdco II LLC
FCS Fox Commercial Services, LLC
PO Box 19047
Austin, TX 78760

Facility Solutions Group, Inc.
PO Box 896808
Charlotte, NC 28289-6508

ABC Home and Commercial Services
9475 E Highway 290
Austin, TX 78724-2303

Arnold & Placek, P.C.
203 E. Main Street, Suite 201
Round Rock, TX 78664

LPZ Electric LLC
1533 N Interstate 35, Suite #6
Pflugerville, TX 78660

Beckett Electrical Services, LLC
PO Box 81381
Austin, TX 78708

The Lost Lei/DW Hospitality, LLC
2918 Bellamy Circle
Cedar Park, TX 78613

JAC Entertainment, LLC
8114 B Baywood
Austin, TX 78759

Parkerjazz, LLC
10504 Pinehurst Drive
Austin, TX 78747

Rare Hospitality of Texas LP
Capital Grille #8053
PO Box 695012
1000 Darden Center Drive
Orlando, FL 32837

RA Sushi Austin Corp
c/o Mr. Sojan Easow
5201 Tennyson Pkwy, Ste 200
Plano, TX 75024

Jason G. Cohen
Bracewell LLP
711 Louisiana Street, Suite 2300
Houston, TX 77002

William A. Wood III
Bracewell LLP
711 Louisiana Street, Suite 2300
Houston, TX 77002

Christopher L. Dodson
Bracewell LLP
711 Louisiana Street, Suite 2300
Houston, TX 77002

Sangreal Investments, LLC
c/o Andy Geller, Western Peak Investment Advisors,
3502 Sacred Moon Cove
Austin, TX 78746

Independence Holdings I, LLC
3909 Balcones Dr
Austin, TX 78731

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 20-10881-tmd** |
| **WC 4th and COLORADO, LP,** | § | |
| | § | **Chapter 11** |
| Debtor. | § | |

**ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR ORDER MODIFYING THE DESGINATION OF PRODUCED DOCUMENTS AND TO COMPEL LENDER TO DISCLOSE IDENTITY AND AFFILIATIONS**

ON this day came on for consideration the *Debtor's Emergency Motion for Order Modifying the Designation of Produced Documents and to Compel Lender to Disclose Identity and Affiliations* (the "**Motion**") filed on October 8, 2020, by Debtor WC 4th and Colorado, LP (the "**Debtor**"). For the reasons set forth in the record, the Motion is granted as provided herein.[1]

---

[1] All capitalized terms not otherwise defined in this order shall have the same meaning as defined in the Motion.

**Page 1**

It is therefore

ORDERED, that all Lender Identity Information produced as part of Lender's Production is hereby re-designated as "Confidential" information only, and not "Attorneys Eyes Only". It is further,

ORDERED that CTS shall produce within one business day from the date of entry of this order all other Lender Identity Information to Debtor and that such supplemental production shall be designated as "Confidential" information only.

# # # END OF ORDER # # #