IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | CHAPTER 11 |
| WC 4TH AND COLORADO, LP,[1] | § § | CASE NO. 20-10881-TMD |
| DEBTOR. | § § § | |

DEBTOR'S RESPONSE TO MOTION TO COMPEL
RESPONSES TO WRITTEN DISCOVERY

TO THE HONORABLE TONY M. DAVIS, UNITED STATES BANKRUPTCY JUDGE:

WC 4th and Colorado, LP ("**Debtor**") hereby responds to the Motion to Compel filed by Colorado Third Street, LLC ("**CTS**" or the "**Noteholder**").

1. The Noteholder is the Debtor's alleged secured creditor, asserting that it is owed over $8 million.

2. On November 10, 2020, the Noteholder moved for relief from the automatic stay, alleging that the Debtor's proposed plan of reorganization fails to meet the requirements set forth in Section 362(d)(3)(A). Hearing on that matter is scheduled for December 18, 2020.

3. Counsel for Noteholder misstates and mischaracterizes the conversations and communications between it and counsel for Debtor, and as such counsel for Debtor is compelled to clarify the issues for the Court, as further set forth below.

4. The Noteholder issued the written discovery requests that are the subject of its Motion to Compel on November 20, 2020 but failed to either obtain the Debtor's agreement to

---

[1] The Debtor in this chapter 11 case, along with its last four digits of its federal tax identification number is: WC 4th and Colorado, LP (1759).

5571441.2 FJR 23061.20

respond to that discovery or to seek Court order requiring the Debtor to respond to that discovery on an expedited basis. As such, Counsel for the Debtor conferred with Counsel for the Noteholder on this issue and the parties agreed that no expedited discovery was sought or agreed.

5.  On or about December 12, 2020, counsel again conferred about the discovery requests. In an offer of compromise and efficiency, counsel for Debtor informed counsel for Noteholder that it would produce documents responsive to the Noteholder's discovery requests in the form of the exhibits it would be designating for hearing on December 14, 2020. In that conversation, counsel for the Debtor agreed (and hereby confirms its agreement) that it would not seek to introduce any documents other than those introduced or referenced in exhibits for purposes of the Lift Stay Hearing. All exhibits that Debtor intends to use at the Lift Stay Hearing were indeed produced on December 14, 2020 as agreed, with the only exception being the Debtor's reservation of introduction of loan term sheet related to replacement financing on the Property for in camera review, given the very serious issues and concerns outlined in the Declaration of Natin Paul (the "Paul Declaration") included as Exhibit 3 on the Debtor's exhibit list, and attached hereto as ***Exhibit B***. As set forth in the Paul Declaration, that the term sheet contains information that the Debtor believes will be used improperly by the Noteholder to thwart Debtor's reorganization efforts. Notwithstanding the foregoing, Debtor has, for the Court's reference, included as ***Exhibit A*** its responses to the Noteholder's production requests which demonstrate that all information sought by Noteholder has already either been produced, was produced on December 14, 2020 as per the communications between counsel for the parties, or is reserved on the basis of the concerns articulated in the Paul Declaration.

6.  The Noteholder also seeks responses to interrogatories that it issued as part of its written discovery. Again, although counsel for the Debtor understood there to be an agreement

that the Debtor's December 14, 2020 exhibits would resolve Noteholder's requests for production and interrogatory requests, the Debtor has also answered those interrogatories as reflected in the responses attached hereto as *Exhibit A*.

**Issues with Noteholder Interference with the Debtor's Reorganization Efforts**

7. The Noteholder in this case is affiliated with seven other note purchasers of loans to affiliates of the Debtor. Three of those affiliates are debtors before this Court, with affiliate noteholders as the secured Noteholder in bankruptcy cases: In re WC Teakwood Plaza, LLC, Case No. 20-11104 [Note Holder: 8209 Burnet, LP]; In re WC 4811 South Congress, LLC, Case No. 20-11105 [Note Holder: 4811 SoCo, LP], and In re Custer Creek Center Property, LLC, Case No. 20-11202 [Note Holder: Spring Custer, LLC.]

8. As more fully set forth in the Paul Declaration, affiliate noteholders, who are controlled by the same control persons, have intentionally interfered with the loan payoffs of those affiliates. That interference is the subject of state court proceedings in which the affiliate borrower have had to seek court intervention in the form of temporary restraining order, temporary injunction and a demand for specific performance, all seeking the same thing – a simple payoff letter and payoff instructions to satisfy the loan in full, avoid a foreclosure, and avoid a bankruptcy for those affiliate borrowers.

9. Though the Noteholder and its affiliate noteholders purport to designate Justin Bayne as the sole manager and member, the only person who has corresponded with the Debtor or the affiliated borrowers is Mark Riley, the Noteholder's in-house general counsel. As was set forth in Debtor's filings in connection to its motions for protective order filed in affiliate case WC Teakwood Plaza, LLC (Case No. 20-11104) and WC 4811 South Congress, LLC (Case No. 20-11105), Mark Riley is the uncle of Justin Bayne, a fact that was not disclosed when the Noteholder

in this case sought to exclude in-house counsel for the Debtor with a familial relationship to the control person from the protective order entered in this case. But even further, on information and belief, Mark Riley is not acting in the capacity as in-house counsel, but rather has taken on the business role of directing all operations, communications and payoffs. He is also the only person designated by Noteholder as a Qualified Person under the Court's protective order. Further, Mr. Riley is also listed as the purported substitute trustee for the various affiliate noteholders. Obviously, the Noteholder cannot be its own substitute trustee.

10. As more fully set forth in the Application for Specific Performance filed in state court by one of Debtor's affiliates, WC 4th and Rio, LP ("WC Rio") (submitted as Debtor's Exhibit 13 for the Lift Stay Hearing, and attached hereto as *Exhibit C*), the funds for the payoff of that noteholder have been escrowed with title since November 25, 2020, awaiting payoff instruction from affiliate noteholder. Even after the refinance noteholder for WC Rio deposited refinance proceeds into title on November 25, 2020, the affiliate noteholder continues to refuse to provide payoff instruction. WC Rio has been forced to seek a Temporary Restraining Order to prevent purported substitute trustee Mark Riley from foreclosing on the property on December 1, 2020, while knowing full proceeds were at title in advance of that date and refusing to accept the proceeds. At the TRO hearing, counsel for that affiliate noteholder announced that the affiliate noteholder had withdrawn its foreclosure notice in light of the escrowed funding. (submitted as Debtor's Exhibit 16 for the Lift Stay Hearing, and attached hereto as *Exhibit D*). Those funds remain at title as of the date of this Declaration, and WC Rio has been forced to file an Application for Specific Performance simply to require Noteholder to provide the payoff instructions it is contractually obligated to provide and that counsel Dodson represented would be provided by Mr. Riley. Even more egregiously, yesterday December 15, 2020, Mark Riley again posted the WC

Rio property for foreclosure on January 5, 2020, while continuing to refuse to cooperate with title and Borrower to provide payoff information. ***Exhibit E.***

11. The affiliate noteholders' behavior has crossed all bounds of appropriate "Noteholder" behavior. But it is not limited to the actions described above and in the Paul Declaration. In Noteholder's production in this matter, are communications between Mark Riley and Endeavor Real Estate with the subject line "Pre Qualification for IHOP Foreclosure Auction" dated August 3, 2020. ***Exhibit F.*** The IHOP property is owned by affiliate borrower WC 707 Cesar Chavez, LLC[2]. In that those emails, Mark Riley communicates to Endeavor that he has opened title for the foreclosure sale of the IHOP property with Stewart Title Company and provides the file number and wire instructions to Endeavor, even going so far as to request proof of funds for the sale. But there is a **MAJOR** problem with this communication – Mark Riley/Cesar Rainey, LLC ***did not even acquire the note on the IHOP property until September 9, 2020***. ***Exhibit G***. In other words, Mr. Riley was soliciting bids, proof of funds, opening title escrow and providing wiring information to bidders for an alleged August 2020 foreclosure sale on a property secured by ***<u>a note he did not own until September 2020</u>***.

12. That is not the first time that affiliates of this Noteholder have inappropriately attempted to sell the property that is the subject of the notes they were going to purchase or purchased. This Court is aware of the actions of the noteholder in the WC 4811 South Congress, LLC bankruptcy proceeding[3] involving the marketing of the Debtor's property for sale through

---

[2] WC 707 has already had to obtain a temporary restraining order and is now seeking a temporary injunction to prevent affiliate noteholder Cesar Rainey, LLC from foreclosing while failing to provide a payoff letter to the affiliate borrower.

[3] Case No. 20-11105 [Note Holder: 4811 SoCo, LP]

the NewQuest brokerage firm. WC 4811 South Congress' Motion to Enforce Rule 2004 Deposition Order [DOC 17].

13. For all of the forgoing reasons, the Debtor has significant concerns about sharing any information with the Noteholder and its inhouse and outside counsel regarding Debtor's refinancing source, but agrees to provide it to the Court for in camera review.

Accordingly, the Debtor respectfully requests that the Noteholder's Motion to Compel be denied and the Debtor be granted any other relief as the Court deems appropriate.

DATED: December 16, 2020

                                          Respectfully submitted,

**FISHMAN JACKSON RONQUILLO PLLC**

/s/ Mark H. Ralston
Mark H. Ralston
State Bar No. 16489460
Fishman Jackson Ronquillo PLLC
Three Galleria Tower
13155 Noel Road, Suite 700
Dallas, TX 75240
Telephone: (972) 419-5544
Facsimile: (972) 4419-5500
E-mail: mralston@fjrpllc.com

COUNSEL FOR DEBTOR WC 4TH
AND COLORADO, LP

### CERTIFICATE OF SERVICE

This is to certify that the undersigned caused a true and correct copy of the foregoing document to be served on the parties listed on the attached service list by First Class United States Mail and on all persons receiving electronic notice of filings in this case through the ECF system, and to Noteholder's counsel via e-mail, on this, the 16th day of December, 2020.

Jason G. Cohen
jason.cohen@bracewell.com

Christopher L. Dodson
chris.dodson@bracewell.com

                                          /s/ Mark H. Ralston
                                          Mark H. Ralston